**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2929
_____

JEROME D. CLARK,
                    Appellant

v.

ROBERT COUPE; PERRY PHELPS; PHILIP MORGAN;
KENNETH MCMILLAN; PAMELA FAULKNER; ERICA N. JOHNSON
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-14-cv-00763)
District Judge:  Honorable Sue L. Robinson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 19, 2016
Before:  FISHER, SHWARTZ and COWEN, Circuit Judges

(Filed: January 20, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Jerome D. Clark, a former Delaware prisoner, appeals the District Court's order granting summary judgment to the Defendants. For the reasons below, we will affirm.

Clark's appeal arises from a 42 U.S.C. §1983 complaint raising challenges related to his classification as a sex offender by the Delaware Department of Corrections (DOC). In 2013, Clark was sentenced to two years in prison following his conviction for attempted robbery. During an initial assessment in October 2013, the DOC classified Clark as a sex offender based on a 1983 misdemeanor conviction for sexual assault.

Clark unsuccessfully challenged DOC's classification using the prison's grievance procedures. As a result of Clark's sex-offender designation, he was required to participate in a treatment program. He refused to do so, and Lt. Kenneth McMillan, a Defendant, held a disciplinary hearing because of Clark's failure to participate. McMillan found Clark guilty of the violation and sanctioned him to twenty days in isolation and the loss of ten days of good time. Clark appealed the hearing decision, claiming he did not receive a fair hearing because McMillan issued the original violation report, conducted the hearing, withheld evidence, and made the final decision on appeal. Clark then sought an investigation of the hearing process, but did not receive a response. This 42 U.S.C. § 1983 lawsuit followed on December 8, 2014.

In his pleadings before the District Court, Clark claimed his constitutional rights under the Fifth, Sixth, Eighth, and Fourteenth Amendment were violated by his sex-offender classification and the related hearing process. Clark filed a motion for summary

judgment. The Defendants filed their own motion to dismiss or, alternatively, for summary judgment. The District Court treated the Defendants' motion as one for summary judgment and granted the motion. Clark appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's order granting summary judgment de novo, applying the same standard as the District Court. Alcoa, Inc. v. United States, 509 F.3d 173, 175 (3d Cir. 2007). Summary judgment is appropriate when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal quotation marks omitted).

Plaintiff's primary claim alleges a Due Process violation under the Fourteenth Amendment. To state a claim for violation of procedural due process rights under 42 U.S.C. § 1983, "a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" Hill v. Borough of Kutztown, 455 F.3d 225, 233-34 (3d Cir. 2006) (quoting Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2001)). We have recognized that a prisoner has a due process liberty interest in not being labeled a sex offender and forced into treatment. Renchenski v. Williams, 622 F.3d 315, 328 (3d Cir. 2010). When a liberty interest is implicated, the right to some type of prior hearing is paramount. Id. at 331. In this

3

case, Clark received adequate process because his sex offender classification was based on a prior criminal conviction. See Neal v. Shimoda, 131 F.3d 818, 831 (9th Cir. 1997) ("An inmate who has been convicted of a sex crime in a prior adversarial setting, whether as the result of a bench trial, jury trial, or plea agreement, has received the minimum protections required by due process."); see also 622 F.3d at 331 (describing situation in which appellant has "never been charged with, nor convicted of, a sex offense").

Clark also alleged he had a liberty interest in keeping his good time credits. To the extent Clark's challenge simply relates to his loss of good time credits, his claim is precluded by Edwards v. Balisok, 520 U.S. 641 (1997). In any event, Clark's challenge cannot succeed because his sanction for assignment to sex-offender treatment rested on a prior conviction.

Clark's District Court pleadings raised other claims, which we have carefully reviewed. We will affirm the denial of relief on these claims for substantially the same reasons stated by the District Court.

Accordingly, we will affirm.

4